UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BERKSHIRE BANK,

               Plaintiff,

  -against-                                                     1:11-CV-0767 (LEK/CFH)

NANCY K. TEDESCHI,

               Defendant.
_____

## DECISION and ORDER

**I. INTRODUCTION**

The Court previously granted Plaintiff Berkshire Bank ("Plaintiff") summary judgment on its claims for recovery on two promissory notes executed by Defendant Nancy K. Tedeschi ("Defendant") and related attorneys' fees and costs. See Dkt. No. 35 ("Order"). The Court deferred the determination of the amount of fees and costs pending Plaintiff's filing of a separate motion. Order at 26. That Motion is presently before the Court. See Dkt. No. 37 ("Motion"). Plaintiff seeks attorneys' fees in the amount of $45,635 and costs in the amount of $4,137.27. See id. at 1. Because Plaintiff failed to provide admissible evidence in support of the Motion, the Court denies the Motion without prejudice to Plaintiff's filing of a properly supported motion within twenty-one days of the filing date of this Decision and Order.

**II. BACKGROUND**

Plaintiff sued for the breach of two promissory notes secured by a mortgage on a New York Property ("New York Notes") and one promissory note secured by a mortgage on a Florida property ("Florida Note"). See Order at 2-3. The Court granted Plaintiff partial summary judgment on the New York Notes but granted Defendant partial summary judgment on the Florida Note. See

generally id. The Court found that the language of the New York Notes explicitly required Defendant to reimburse Plaintiff for the attorney's fees and costs it incurred in enforcing them but deferred determination of the amount. Id. at 25. Plaintiff filed the Motion and Defendant a Response and supporting affidavit. See Dkt. Nos. 43 ("Response"); 42 ("Response Affidavit"). Plaintiff did not file a reply brief. See generally Docket.

**III.  LEGAL STANDARD**

"The district court retains discretion to determine . . . what constitutes a reasonable fee." Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2013) (citing LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 758 (2d Cir. 1998)). Reasonableness depends on, *inter alia*, "the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987). The lodestar, the result of multiplying a reasonable hourly rate by the reasonable number of hours required by the case, creates a "presumptively reasonable fee." Id. (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551-52 (2010)). A motion for attorneys' fees and costs must be supported by admissible evidence. See Sanchez v. Viva Nail NY Inc., No. 12-CV-6322, 2014 WL 869914, at *1 (E.D.N.Y. Mar. 4, 2014)

**IV.  DISCUSSION**

In support of its Motion and accompanying Memorandum, Plaintiff offers an affidavit from David E. Valicenti ("Valicenti"), an attorney at Cohen Kinne Valicenti & Cook LLP ("Cohen Kinne") and Plaintiff's counsel of record; a statement reflecting the date, duration, and nature of the

work performed by Cohen Kinne attorneys and paralegals in this matter; and a statement detailing expenses incurred by Cohen Kinne in this matter. See Dkt. Nos. 37-1 ("Memorandum"); 37-2 ("Valicenti Affidavit"); 37-3 ("Services Statement"); 37-4 ("Expense Statement"). Defendant alleges that: (1) the Valicenti Affidavit constitutes hearsay with respect to the experience and education of non-Valicenti attorneys; and (2) the Services and Expense Statements are hearsay and have not been shown to be admissible under the business records exception. See generally Resp.; Resp. Aff.

### A. Valicenti Affidavit

The only evidence Plaintiff provides of its attorneys' and paralegals' experience and education is the Valicenti Affidavit. The Valicenti Affidavit is hearsay with respect to non-Valicenti attorneys' and paralegals' education and their experience accrued outside Cohen Kinne—Valicenti has provided no indication that he has personal knowledge of either their education or accrual of such experience. See generally Valicenti Aff.; see also United States v. Bosurgi, 530 F.2d 1105, 1111 (2d Cir. 1976) ("[The] affidavit was not on personal knowledge and thus amounted to hearsay."). As the Valicenti Affidavit does not indicate how much, if any, of the putative experience was incurred at Cohen Kinne—experience of which Valicenti would likely have personal knowledge as a long-time Cohen Kinne attorney—Plaintiff has failed to provide admissible evidence showing that the non-Valicenti attorneys and paralegals had *any* experience.

### 2. Services Statement

As evidence of the hours worked and tasks performed by each attorney and paralegal, Plaintiff submits the Services Statement, which purportedly reflects this information. See Valicenti Aff. ¶ 2. Defendant argues that the Statement constitutes hearsay. See Resp. Aff. ¶ 4. The Court

agrees—the Statement appears to be comprised of entries made by various Cohen Kinne professionals regarding work performed and time spent. See Valicenti Aff. ¶ 1; Services Statement. Because the entries are offered for the truth of the matter asserted, they constitute hearsay. See FED. R. EVID. 801.

Defendant further argues that Plaintiff has failed to lay a proper foundation for admission of the Services Statement as a contemporaneous business record under Federal Rule of Evidence 803(6), an exception to the hearsay rule. See Resp. Aff. ¶ 4; Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 312 (2d Cir. 2008). Again, the Court agrees. A record is admissible under this Rule only where, *inter alia*, it is "kept in the course of a regularly conducted business activity" and "making the record was a regular practice of that activity." FED. R. EVID. 803(6)(B)-(C). Moreover, compliance with these requirements must be shown "by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification." The Valicenti Affidavit does not even allege that the Statement complies with these requirements, or that Valicenti can so testify. See generally Valicenti Aff.

### 3. Expense Statement

In support of its claim for expenses, Plaintiff offers the Expense Statement. See Valicenti Aff. ¶ 5; Expense Statement. Valicenti states only that it is a "true statement of costs incurred in connection with this case." Id. Again, he provides no basis for this assertion, see id., and the Court cannot determine whether the Expense Statement is admissible as a contemporaneous business record or on some other ground.

### 4. Conclusion

As Plaintiff has failed to provide admissible evidence supporting its entitlement to any portion of the requested fees and costs, the Motion must be denied.[1]  Because it would be inequitable to deny Plaintiff the chance to remedy these curable evidentiary defects, the dismissal is without prejudice.  Plaintiff may, within twenty-one days of the filing date of this Decision and Order, submit a properly supported motion for fees and costs.[2]

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 37) for attorneys' fees and costs is **DENIED without prejudice**; and it is further

**ORDERED**, that Plaintiff may, **within twenty-one(21) days** of the filing date of this decision and order, submit a new, properly supported motion for attorneys' fees and costs; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED:   March 31, 2014
             Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[1] The Court therefore refrains from addressing Defendant's arguments regarding the reasonableness of the amount of requested fees and expenses.  See generally Resp.

[2] As Plaintiff was already put on notice of these defects by the Response and Response Affidavit but did not attempt to remedy them in any way, it would behoove Plaintiff to file a compliant motion.