UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BERKSHIRE BANK,

                Plaintiff,

      -against-                         1:11-CV-0767 (LEK / CFH)

NANCY K. TEDESCHI,

                Defendant.

_____

## **MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

This matter returns to the Court on a Motion for attorney's fees. Dkt. No. 48 ("Second Motion"). In a Memorandum-Decision and Order dated March 27, 2013, the Court granted Plaintiff Berkshire Bank ("Plaintiff") partial summary judgment on its claims for recovery on two of three promissory notes executed by Defendant Nancy K. Tedeschi ("Defendant"), and attorney's fees and costs related to the case. Dkt. No. 35 ("2013 Order"). In a Decision and Order dated March 31, 2014, the Court denied Plaintiff's first Motion for attorney's fees without prejudice. Dkt. Nos. 37 ("First Motion"); 47 ("2014 Order"). Presently before the Court is Plaintiff's Second Motion for attorney's fees, and an accompanying Memorandum of law. Second Mot.; Dkt. No. 50 ("Plaintiff's Memorandum"). For the reasons discussed below, the Court awards Plaintiff $34,664.80 in attorney's fees and $3,516.68 in costs.

**II.    BACKGROUND**

Plaintiff sued Defendant for breach of two New York promissory notes and one Florida note. See 2013 Order. The Court granted Plaintiff partial summary judgment on the two New York notes. Id. at 26. Pursuant to the contracts executed between the parties, the Court found that the

language of the agreements "explicitly required Defendant to reimburse Plaintiff for the attorney's fees and costs it incurred in enforcing them." Id. at 25 (citing Dkt. Nos. 16-5, § 7(E); 16-6 at 5). The Court deferred the determination of the amount of attorney's fees and costs pending a separate motion. Id. at 25-26. On April 9, 2013, Plaintiff filed a Motion for attorney's fees. First Mot. The Court denied Plaintiff's First Motion without prejudice, for failure to submit required supporting documentary evidence. See generally 2014 Order. Plaintiff then submitted the Second Motion, requesting $46,448.50 in attorney's fees and $4,137.27 in costs, and an accompanying Memorandum of law. Second Mot.; Pl.'s Mem. Defendant opposes the Second Motion, and incorporates by reference her objections to Plaintiff's First Motion. Dkt. Nos. 49; 42 ("Lenney Affidavit"); 43 ("Defendant's Memorandum").

## III. DISCUSSION

Defendant argues that Plaintiff's request for attorney's fees is: (1) not supported by the required documentary evidence; (2) extreme, excessive, and unnecessary; and (3) unwarranted with respect to the Florida note. See generally Def.'s Mem; Lenny Aff.

### A. Evidentiary Issues

Defendant argues that: (1) the affidavit submitted by David E. Valicenti ("Valicenti"), a partner at Cohen Kinne Valicenti & Cook LLP ("Cohen Kinne" or "the firm"), constitutes hearsay with respect to the experience and education of non-Valicenti attorneys; (2) Plaintiff did not submit bills from vendors or contemporaneous time records to support the Second Motion; and (3) Plaintiff's Services and Expense Statements are hearsay and have not been shown to be admissible under the business records exception. See generally Dkt. No. 49; Lenney Aff.; Def.'s Mem.

These evidentiary deficiencies—identified by Defendant in response to Plaintiff's First

Motion—have been cured in the present Motion. To support the Second Motion, Plaintiff submits: (1) an affidavit from Ellen Armold ("Armold"), Cohen Kinne's chief accounting officer, Dkt. No. 48-1 ("Armold Affidavit"); (2) a copy of the contemporaneous time records kept by Cohen Kinne's attorneys, Dkt. No. 48-2 ("Exhibit 1"); (3) a record of the firm's costs for this case, Dkt. No. 48-3 ("Exhibit 2"); (4) Valicenti's Affidavit, Dkt. No. 48-4 ("Valicenti Affidavit"); (5) an Affidavit from Jesse Cook-Dubin ("Cook-Dubin"), an associate at Cohen Kinne, Dkt. No. 48-5 ("Cook-Dubin Affidavit"); and (6) an Affidavit from Ann Connell Smith ("Smith"), a paralegal at Cohen Kinne, Dkt. No. 48-6 ("Smith Affidavit").

The Valicenti Affidavit describes Valicenti's own education, experience, and hourly rates, as well as the experience levels of several associates and paralegals who worked on this case. See generally Valicenti Aff. Valicenti describes the experience levels of one associate, Chris Hennessey ("Hennessey"), and two paralegals, Angela Rocca-Killela ("Rocca-Killela") and Colleen McGrath ("McGrath"), based on his personal experience with their work at Cohen Kinne, and at Valicenti's prior firm. Id. at 3-4. The Cook-Dubin and Smith Affidavits also detail their respective education and experience levels. See generally Cook-Dubin Aff.; Smith Aff. These Affidavits are based on personal knowledge, and are sufficient to set forth the education and experience levels of Valicenti, Hennessey, Rocca-Killela, McGrath, Cook-Dubin, and Smith.[1]

Plaintiff has also submitted with the Second Motion contemporaneous time records kept by Cohen Kinne's attorneys, Ex. 1, and a record of the costs incurred in this case, Ex. 2. In addition to

---

[1] Certain statements in Valicenti's Affidavit pertaining to Cook-Dubin and Smith still contain hearsay. See Valiventi Aff. at 2, 3. However, this information is cumulative of information set forth in Cook-Dubin and Smith's own Affidavits. See generally Cook-Dubin Aff; Smith Aff. Consequently, the Court will only consider information pertaining to Cook-Dubin and Smith that is set forth in their respective Affidavits.

3

these records, Armold's Affidavit states that Armold is the firm's chief accounting officer, she is responsible for the firm's billing system, Exhibits 1 and 2 are copies of the firm's time and cost records, respectively, and both the time and cost records were kept as part of the firm's regularly conducted business. See generally Armold Aff. Armold's Affidavit is sufficient to lay a foundation for admitting Exhibits 1 and 2 under the business records exception to the hearsay rule. See FED. R. EVID. 803(6); Phoenix Assocs. III v. Stone, 60 F.3d 95, 101 (2d Cir. 1995) (finding that appellant's accountant and chief financial officer was "'sufficiently familiar with the [company's] business practice' . . . and as his testimony indicated that the 'records were made as part of that practice,' . . . [he] was qualified to testify as custodian").

However, one individual whose initials appear in Plaintiffs time records, TAP,[2] is not identified in any of Plaintiff's filings. Though TAP appears in Plaintiff's time records with an hourly rate of $165 per hour, a rate at which Plaintiff claims to bill for associates, see Pl.'s Mem. at 3, TAP is not identified as an associate in the time records or otherwise, nor is TAP's education or experience described in any of Plaintiff's Affidavits or filings. Because Plaintiff has submitted no information to explain TAP's identity, education and experience level, or what role he or she has in the firm, the Court will award no fees for the individual identified as TAP.[3]

### B. Reasonableness of Fees

---

[2] In the time records submitted by Plaintiff, attorneys and paralegals are identified only by their initials. With the exception of TAP, the Court was able to match these initials to individuals named in Plaintiff's Affidavits, and will award attorney's fees accordingly.

[3] Plaintiff's contemporaneous time records show that TAP billed a total of twelve hours for this case. See Ex. 1.

The Court has "discretion to determine . . . what constitutes a reasonable fee.'" Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2013) (citing LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 758 (2d Cir. 1998)). "[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" Id. (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008) and Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551-52 (2010)). Though the lodestar is not always conclusive, it is presumptively reasonable absent extraordinary or rare circumstances. Id. at 166-67.

*1. Hourly Rates*

Recent cases in the Northern District have upheld hourly rates between $250 and $345 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals. See, e.g., Jimico Enterps., Inc. v. Lehigh Gas Corp., No. 07-CV-0578, 2014 WL 1239030, at *6 (N.D.N.Y. Mar. 25, 2014) (awarding "$300 for partner-level work, $180 for associate level work and $80 for paralegal work"); Deferio v. Bd. of Tr. of State Univ. of N.Y., No. 11-CV-0563, 2014 WL 295842, at *7 (N.D.N.Y. Jan. 27, 2014) (finding that $200 per hour was a reasonable rate for an attorney with five years of experience); Curves Int'l, Inc. v. Nash, No. 11-CV-0425, 2013 WL 3872832, at *5 (N.D.N.Y. July 25, 2013) (Kahn, J) (finding $275 per hour for a partner and $200 per hour for an associate reasonable); Bosket v. NCO Fin. Sys., Inc., No. 11-CV-00678, 2012 WL 4093023, at *4 (N.D.N.Y. Sept. 17, 2012) (Kahn, J) (refusing to approve a $135 per hour rate for paralegals where "Plaintiff ha[d] submitted nothing substantiating a $135/hour billing rate for paralegals."); Broad. Music, Inc. v. DFK Entm't, LLC, No. 10-CV-1393, 2012 WL 893470, at *7 (N.D.N.Y. Mar. 15, 2012) (finding that $270 for partners, $165 for associates, and $90 for paralegals were reasonable

5

hourly rates).

Plaintiff submits the following hourly rates: $250 for a partner, $165-$200 for associates, and $95-$125 for paralegals. Pl.'s Mem. at 3. The hourly rates requested by Plaintiff for a partner and associates are within the range of reasonableness established in this district. However, Plaintiff's rates for paralegals are above the rates that courts in this district have found reasonable and Plaintiff has submitted nothing to substantiate an hourly rate for paralegals above $90. Consequently, the Court will approve a rate of only $90 per hour for paralegal time.

### 2. *Number of Hours*

"'[T]o determine whether time for which reimbursement is sought was reasonably spent, the court must evaluate the tasks and the time documented in counsel's contemporaneous time records in light of its general experience and its experience with the case.'" Liberty Mut. Ins. Co. v. Conmas, Inc., No. 10-CV-717, 2012 WL 913312, at *3 (N.D.N.Y. Mar. 16, 2012) (citations omitted). Plaintiff's counsel has submitted contemporaneous time records asserting that a total of 245.6 hours were spent on this case (62.9 hours of partner time, 123.3 hours of associate time, and 59.4 hours of paralegal time).[4] See generally Ex. 1.

#### a. Excessive

Defendant contends that Plaintiff's counsel spent an excessive amount of time on this case in light of the expedited proceedings available under New York Civil Practice Law and Rules § 3213, an expedited procedure for actions to recover for default on promissory notes. See Def.'s Mem. at 3-6; N.Y. C.P.L.R. § 3213. Defendant argues that Plaintiff could have submitted a motion

---

[4] These numbers reflect the hours reported in Exhibit 1, including hours billed for TAP. As noted *supra*, TAP's hours will be deducted from the total number of hours in awarding fees.

6

for summary judgment in lieu of a complaint under § 3213, thereby avoiding "the complaint, the pre-conference discussions between counsel, the mandatory scheduling conference, correspondence to the court, interrogatories, interrogatory responses, voluminous document production, depositions and all related expenses, saving tens of thousands of dollars in fees and expenses." Id. at 4.

However, the expedited remedy set forth in § 3213 is not available if: (1) the defendant's liabilities and obligations can only be ascertained by evidence extrinsic to the instrument itself; (2) proof requires more than simple proof of nonpayment; or (3) a *de minimis* deviation from the face of the document is involved. See, e.g., Weissman v. Sinorm Deli, 669 N.E.2d 242, 245 (N.Y. 1996) (citations omitted). Defendants denied many of the allegations in Plaintiff's Complaint, and asserted at least six defenses that relied on extrinsic evidence and required discovery. See Dkt. Nos. 12; 22-1. Therefore, even if Plaintiffs had commenced this action under § 3213, Defendant's affirmative defenses would have required that the § 3213 motion be converted to a complaint. See Weissman, 669 N.E.2d at 246. The Court therefore finds that Plaintiff's Complaint, and the ensuing discovery and pre-trial motions would have been unavoidable under § 3213.

### b. Florida Note

Defendant argues that the Court should not award Plaintiff fees and expenses related to the recovery of the Florida note because Plaintiff did not prevail on that cause of action. See Def.'s Mem. at 6. Indeed, Plaintiff is only entitled to attorney's fees and costs related to the New York notes. See 2013 Order at 25; see also Nu-Life Const. Corp. v. Bd. of Educ. Of City of New York, 795 F. Supp. 602, 605 (E.D.N.Y. 1992) ("As a general rule, only the time expended on the plaintiff's successful claims is to be considered in arriving at a fee award") (citing Cowan v. Prudential Ins. Co. of Am., 935 F.2d 522, 524 (2d Cir. 1991)). However, Plaintiff did not subtract

7

the fees and costs related to the Florida note in its fee application. See Second Mot.; Exs. 1; 2.

In a case involving multiple causes of action based on related legal theories, "much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). Consequently, a court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. There is no set formula; rather, "the most critical factor is the degree of success obtained." Id. at 436. District courts may either identify specific hours that should be discounted, or reduce the award to account for the limited success. Id. at 436-37. The Court has discretion in making this equitable judgment. Id. The Florida note accounted for $250,000, or 15% of the total indebtedness represented by all three notes. Def.'s Mem. at 6. The Court will therefore reduce Plaintiff's attorney's fees and costs by 15%, to account for Plaintiff's lack of success in pursuing that claim.

### c. Additional Reductions

After reviewing Plaintiff's contemporaneous time records, the Court finds that many of the entries are vague, and others contain no description at all of the work performed. For example, some entries include only the description "review file," or "telephone call," see, e.g., Ex. 1 at 1, 6, and others are left blank, see id. at 6, 12, 13, 20. These vague and absent descriptions prevent the Court from assessing the reasonableness of the entries, and therefore warrant an additional reduction to the hours for which Plaintiff will be awarded attorney's fees. See Dotson v. City of Syracuse, No. 04-CV-1388, 2012 WL 4491095, at *6 (N.D.N.Y. Sept. 28, 2012) (finding that descriptions such as "file review," "trial preparation," and "meetings" "do not permit this court to conduct a meaningful review as to whether the time was reasonable or appropriate") (citing

Marshall v. State of N.Y. Div. of State Police, 31 F. Supp. 2d 100, 106 (N.D.N.Y. 1998)).

Additionally, Plaintiff's time records contain entries for tasks that are administrative in nature, and are therefore non-compensable. See id. at *7 ("[C]ourts generally hold that 'clerical and secretarial services are part of overhead and are not generally charged to clients.'") (citation omitted); see also Bosket v. NCO Fin. Sys., Inc., No. 11-CV-00678, 2012 WL 4093023, at *4 (N.D.N.Y. Sept. 17, 2012) (Kahn, J.) (describing non-compensable clerical work) (citing Knoeffler v. Town of Mamakating, 126 F. Supp. 2d 305, 317 (S.D.N.Y. 2000) ("The courts in this district are in agreement that filing, delivery, service of papers and other similar administrative tasks are not usually considered recoverable expenditures of time for attorneys' fees.")). For example, several time entries for paralegal work describe tasks such as filing documents with the Court or serving process. See, e.g., Ex. 1 at 1-4, 9, 12, 14, 17, 21. Therefore, the Court will also reduce Plaintiff's attorney's fees to account for administrative tasks included in Plaintiff's time records.

"Rather than itemizing individual entries as excessive, the Court may make an 'across-the-board reduction, or percentage cut, in the amount of hours.'" Aron v. Becker, No. 13-CV-0883, 2014 WL 5816996, at *7 (N.D.N.Y. Nov. 10, 2014) (citing T.S. Haulers, Inc. v. Cardinale, No. 09 CV 0451, 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011) and Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010)). After reviewing Plaintiff's time records, the Court finds that a further 5% reduction to the hours presented is warranted due to vague entries, and entries that record time for non-compensable administrative tasks.

After subtracting TAP's hours, and reducing the total number of remaining hours by 20% to account for time spent on the Florida note, vague entries, and administrative tasks, the calculation used by the Court is as follows: partner time: 50.32 hours X $250/hr; associate time: 89.04 hours X

9

$200/hr;[5] paralegal time: 47.52 hours X $90/hr. Plaintiff's costs will be reduced by 15% to account for time spent on the Florida note. Therefore, the Court finds that Plaintiff is entitled to $34,664.80 in attorney's fees and $3,516.68 in costs.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Second Motion for attorney's fees and costs (Dkt. No. 48) is **GRANTED in part** such that Plaintiff is awarded a total of $34,664.80 in attorney's fees and $3,516.68 in costs in accordance with this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the local rules.

**IT IS SO ORDERED.**

DATED:      January 16, 2015
            Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge

---

[5] The only individual billed at $165 per hour in counsel's contemporaneous time records was TAP. Since TAP's hours were deducted from the total, the Court will use the $200 per hour rate billed for the other associates listed in the time records to calculate fees for associates.