UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BERKSHIRE BANK,

          Plaintiff,

vs.

NANCY K. TEDESCHI,

          Defendant.

CIVIL ACTION NO.: 1:11-CV-0767 LEK

RESTRAINING NOTICE

THE PEOPLE OF THE STATE OF NEW YORK

TO:  CORPORATION SERVICE COMPANY    WELLS FARGO ADVISORS
      80 STATE STREET                            427 NEW KARNER ROAD, SUITE 3
      ALBANY, NY 12207                          ALBANY, NY 12205

GREETINGS:

WHEREAS, in an action in the Unites States District Court, Northern District of New York, between Berkshire Bank, as Plaintiff, and Nancy Tedeschi, as Defendant, who were all the parties named in said action, a judgment was entered on January 20, 2015, in favor of Berkshire Bank and against Nancy Tedeschi (the "Judgment Debtor"), in the amount of $866,129.60 (the "Judgment"), which, together with interest thereon from May 6, 2015 remains due and unpaid (see attached Exhibit 1 - Transcript of Judgment);

WHEREAS, a certified judgment was registered with the clerk of the United States District Court for the Northern District of New York on or about October 5, 2015 (see attached Exhibit 2);

WHEREAS, it is believed that you are in possession of property of or are indebted to the Judgment Debtor, including but not limited to the following accounts:

           Wells Fargo Advisors - #5582-1574
           Wells Fargo Advisors - #8533-8645
           Wells Fargo Advisors - #3575-4022
           Wells Fargo Advisors - #7949-3291

NOW, THEREFORE, PLEASE TAKE NOTICE that, pursuant to CPLR 5222(b), a copy of which is set forth below, you are hereby forbidden to make, or suffer any sale, assignment or transfer of, or any interference with, any property of the judgment debtors or to pay over to any person other than the Sheriff or the judgment creditor, except as set forth in CPLR 5222(h) and

CPLR 5222(i), and except under direction of the Sheriff or pursuant to an order of the Court or a stipulation between the judgment creditor and the judgment debtor, until the expiration of one year after this notice is served upon you or until the judgment is satisfied or vacated, whichever event occurs first.

### CPLR 5222(b), (h) and (i)

§ 5222. Restraining notice

(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

(h) Effect of restraint on judgment debtor's banking institution account into which statutorily exempt payments are made electronically or by direct deposit. Notwithstanding the provisions of subdivision (b) of this section, if direct deposit or electronic payments reasonably identifiable as statutorily exempt payments as defined in paragraph two of subdivision (l) of section 5205 of this article were made to the judgment debtor's account during the 45 day period preceding the date that the restraining notice was served on the banking institution, then the banking institution shall not restrain $2,500 in the judgment debtor's account. If the account contains an amount equal to or less than $2,500, the account shall not be restrained and the restraining notice shall be deemed void. Nothing in this subdivision shall be construed to limit a banking institution's right

or obligation to restrain or remove such funds from the judgment debtor's account if required by 42 U.S.C. § 659 or 38 U.S.C. § 5301 or by a court order. Nothing in this subdivision shall alter the exempt status of funds that are protected from execution, levy, attachment, garnishment or other legal process, under section 5205 of this article or under any other provision of state or federal law, or affect the right of a judgment debtor to claim such exemption.

(i) Effect of restraint on judgment debtor's banking institution account. A restraining notice issued pursuant to this section shall not apply to an amount equal to or less than the greater of 240 times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or 240 times the state minimum hourly wage prescribed in section 652 of the labor law as in effect at the time the earnings are payable (as published on the websites of the United States department of labor and the state department of labor) except such part thereof as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents. This amount shall be equal to $1,716 on the effective date of this subdivision, and shall rise to $1,740 on July 24, 2009, and shall rise thereafter in tandem with the minimum wage. Nothing in this subdivision shall be construed to limit a banking institution's right or obligation to restrain or remove such funds from the judgment debtor's account if required by 42 U.S.C. § 659 or 38 U.S.C. § 5301 or by a court order. Where a judgment debtor's account contains an amount equal to or less than 90% of the greater of 240 times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or 240 times the state minimum hourly wage prescribed in section 652 of the labor law as in effect at the time the earnings are payable (as published on the websites of the United States department of labor and the state department of labor), the account shall not be restrained and the restraining notice shall be deemed void, except as to those funds that a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents. Nothing in this subdivision shall alter the exempt status of funds which are exempt from execution, levy, attachment or garnishment, under section 5205 of this article or under any other provision of state or federal law, or the right of a judgment debtor to claim such exemption.

PLEASE TAKE FURTHER NOTICE that disobedience of this Restraining Notice is punishable as a contempt of court.

Dated: December 14, 2015

BERKSHIRE BANK
Plaintiff,
By its Attorneys:

David Valicenti (BBO# 632980)
Christopher Hennessey (BBO# 654680)
COHEN KINNE VALICENTI & COOK LLP
28 North Street, 3rd Floor
Pittsfield, Massachusetts 01201
Telephone: (413) 443-9399
Fax: (413) 442-9399
dvalicenti@cohenkinne.com
chennessey@cohenkinne.com

# EXHIBIT 1

Index No. _____

# TRANSCRIPT OF JUDGMENT

CIVIL PROCEEDINGS

**JUDGMENT DEBTOR**
Nancy K. Tedeschi
2545 S. Atlantic Ave., #303
Daytona Beach, FL 32118

**JUDGMENT CREDITOR**
Berkshire Bank
24 North Street, P.O. Box 1308
Pittsfield, MA 01202

ATTORNEY FOR DEBTOR: N/A

ATTORNEY FOR CREDITOR
David Valicenti, Esq.
Cohen Kinne Valicenti & Cook, LLP
28 North Street, 3rd Floor
Pittsfield, MA 01201

Judgment Rendered:   March 27, 2013
Judgment Docketed:   March 27, 2013

**U.S. DISTRICT COURT - NORTHERN DISTRICT OF NEW YORK**
CASE NUMBER:       1:11-CV-767 (LEK/CFH)

AMOUNT OF JUDGMENT:
| | |
|---|---|
| Damages: | $642,333.61 |
| Interest: | 221,420.31 |
| Attorney Fees: | 34,664.80 |
| Costs: | 3,516.68 |
| **TOTAL** | **$863,753.9** |

Note: Per Diem Interest is $158.38

I, LAWRENCE K. BAERMAN, Clerk of the District Court of the Northern District of New York, hereby certify that the above is a correct transcript from the Docket of Judgments in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court at the City of Albany, New York, this 6th day of May, 2015.

                                                        _____
                                                        Clerk of Court

By: Lynda Hennessy
Deputy Clerk

# EXHIBIT 2

AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Northern District of New York ☑

| | |
|---|---|
| Berkshire Bank | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:11-CV-0767 (LEK/CFH) |
| Nancy K. Tedeschi | ) |
| *Defendant* | ) |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*   01/20/2015

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: 10-5-2015

Lawrence K. Baerman
CLERK OF COURT

Signature of Clerk or Deputy Clerk

\* \* \* \* \* UNITED STATES DISTRICT COURT \* \* \* \* \*

__NORTHERN__   DISTRICT OF   __NEW YORK__

AMENDED JUDGMENT IN A CIVIL CASE

DOCKET NO.  1:11-CV-0767 (LEK/CFH)

BERKSHIRE BANK,

        Plaintiff,

v.

NANCY K. TEDESCHI,

        Defendant,

_____ JURY VERDICT. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

__XX__ DECISION by COURT. This action came to trial or hearing before the Court. The issues have been tried and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that in the above entitled action, the case is DISMISSED and judgment is entered in favor of the Plaintiff as against the Defendant, in accordance with the MEMORANDUM-DECISION and ORDER of the Honorable Lawrence E. Kahn, U. S. District Judge, dated March 27, 2013, and it is further ORDERED that Plaintiff is awarded attorney's fees in the amount of $34,664.80 and costs in the amount of $3,516.68 in accordance with MEMORANDUM-DECISION and ORDER of the Honorable Lawrence E. Kahn, U. S. District Judge, dated January 16, 2015.

DATE: __January 20, 2015__

LAWRENCE K. BAERMAN
CLERK OF THE COURT

ECF DOCUMENT
I certify that this is a printed copy of a document which was electronically filed with the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK, LAWRENCE K. BAERMAN, CLERK
Dated _10/1/2015_
By _____ Deputy Clerk

Scott A. Snyder
Courtroom Deputy to the
Honorable Lawrence E. Kahn