UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BERKSHIRE BANK,

          Plaintiff,

   -against-                                  1:11-CV-0767 (LEK/CFH)

NANCY K. TEDESCHI,

          Defendant.

## **DECISION and ORDER**

**I.    INTRODUCTION**

On March 2, 2016, Defendant Nancy K. Tedeschi ("Defendant") moved for a protective order pursuant to N.Y. C.P.L.R. 5240 to vacate the restraining notice that Plaintiff Berkshire Bank ("Plaintiff") served on Wells Fargo Advisors, which restrained an account (the "FBB Account") owned by non-party FBB Asset Management, LP ("FBB"). Dkt. Nos. 55 ("Motion"); 55-1 ("Memorandum"). Plaintiff opposed the Motion and Defendant filed a Reply. Dkt. Nos. 57 ("Response"); 59 ("Reply"). On March 9, 2016, the Court held a show-cause hearing. Dkt. No. 60. For the following reasons, Defendant's Motion is denied.

**II.    BACKGROUND**

Plaintiff commenced this action on July 6, 2011, asserting causes of action for Defendant's default on three promissory notes. Dkt. No. 1 ("Complaint"). In a Memorandum-Decision and Order dated March 27, 2013, the Court granted summary judgment in favor of Plaintiff on two of the promissory notes and awarded Plaintiff attorneys' fees and costs. Dkt. No. 35 ("March Order"). As of February 17, 2016, Plaintiff's outstanding judgment was $901,935.40. Dkt. No. 58-1.

The present Motion concerns Plaintiff's attempts to execute its judgment. Based on

Defendant's 2013 tax return, Plaintiff identified several accounts at Wells Fargo Advisors for which Defendant reported interest or dividend income. Resp. at 5; Dkt. No. 58-16. On December 14, 2015, Defendant served a restraining notice (the "Restraining Notice") pursuant to N.Y. C.P.L.R. 5222[1] on Wells Fargo Advisors in Albany, NY. Dkt. Nos. 18 ("Restraining Notice"); 23. The Restraining Notice restrained four accounts that were believed to be the property of Defendant. Restraining Notice at 1. One of the accounts is in the name of FBB. Dkt. No. 55-7 ("FBB Account Statement").

FBB is a limited partnership organized under Arizona law. Dkt. No. 55-5 ("FBB Certificate"). Defendant is a general partner of FBB. Dkt. No. 55-6 ("FBB Ownership"). FBB is 98% owned by FBB Trust, for which Defendant is trustee, and 1% owned by Defendant and 1% owned by Defendant's son. Id. FBB's certificate of limited partnership was filed with the Arizona Secretary of State on April 16, 2013. FBB Certificate.

Under C.P.L.R. 5222, "a restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service . . . he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest." N.Y. C.P.L.R. 5222(b). Defendant requests that the Court set aside Plaintiff's Restraining Notice against the FBB Account under N.Y. C.P.L.R. 5240 because the FBB Account is not property in which Defendant has an interest. Mem. at 1. As an additional reason for the invalidity of the Restraining Notice, Defendant asserts that it improperly affects out-of-state

---

[1] C.P.L.R. 5222 authorizes a judgment creditor to serve a restraining notice against property of a judgment debtor. N.Y. C.P.LR. 5222(a). The effect of a restraining notice is to forbid "any sale, assignment, transfer or interference with any property in which [the judgment debtor] has an interest." Id. 5222(b).

property. Id. at 3. In response, Plaintiff argues that the Restraining Notice is valid because Defendant fraudulently conveyed assets to FBB in an attempt to evade Plaintiff's judgment. Resp. at 1-2.

## III. DISCUSSION

Federal Rule of Civil Procedure 69 provides that the procedure on the execution of a money judgment "must accord with the procedure of the state where the court is located." FED. R. CIV. P. 69. Under N.Y. C.P.L.R. 5240, a court may "make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure" under Article 52. N.Y. C.P.L.R. 5240.

### A. Out-of-State Property

Defendant first argues that the Restraining Notice is invalid because it affects out-of-state property. Mem. at 3. In order to enforce a judgment against out-of-state property, Defendant argues that a judgment creditor must first register that judgment under 28 U.S.C. § 1963 in the state in which the property is located. Id. Plaintiff, Defendant contends, has not registered its judgment in Arizona, the state in which FBB was formed. Id.

Defendant's argument is wholly unfounded. First, Defendant does not establish that the FBB Account is out-of-state property. Defendant asserts that FBB is an Arizona partnership, but does not expand on the significance of that assertion for the location of the FBB Account. Second, assuming that the Account is out-of-state property, the Restraining Notice served at Wells Fargo Advisors in Albany is valid under New York law. In Koehler v. Bank of Bermuda Ltd., 12 N.Y.3d 533 (2009), the New York Court of Appeals held that a New York court with personal jurisdiction over a garnishee bank may order it to turnover out-of-state property under N.Y. C.P.L.R. 5225. In

Koehler, the plaintiff judgment creditor served a petition on the New York subsidiary of the Bank of Bermuda Limited ("BBL") to turnover stock certificates that were in possession of the BBL in Bermuda. 12 N.Y.3d at 536. On appeal, the Second Circuit certified the following question to the New York Court of Appeals: "whether a court sitting in New York has the authority under C.P.L.R. 5225(b) to order a defendant, other than the judgment debtor himself, to deliver assets into New York, when the court has personal jurisdiction over the defendant but the assets are not located in New York." Id. at 537. The Court of Appeals distinguished between an enforcement proceeding, which is based on jurisdiction over persons, and prejudgment attachment, which is based on jurisdiction over property. Id. Accordingly, the Court of Appeals affirmatively answered that a court's personal jurisdiction over a bank garnishee authorizes it to order the bank to turnover out-of-state property. Id. at 541. This conclusion equally applies to a restraining notice served under C.P.L.R. 5222. McCarthy v. Wachovia Bank, N.A., 759 F. Supp. 2d 265, 275 n.4 (E.D.N.Y. 2011). Thus, because the Court has personal jurisdiction over Wells Fargo Advisors in Albany and the Restraining Notice was served at that location, the notice is valid to restrain out-of-state property.[2]

**B. Non-Debtor Property**

C.P.L.R. 5222 applies to property in which "the judgment debtor . . . has an interest." N.Y. C.P.L.R. 5222. "The legal 'interest' owned by the judgment debtor in the property held by the third

---

[2] In her Reply, Defendant asserts that the separate entity rule prevents the restraint of anything other than property held at Wells Fargo Advisors in Albany. Dkt. No. 59 ("Reply") at 3-4. The separate entity rule provides that "in order to reach a particular bank account the judgment creditor must serve the office of the bank where the account is maintained." Therm-X-Chem. & Oil Corp. v. Extebank, 444 N.Y.S.2d 26, 27 (App. Div. 1981). However, Defendant has not provided any authority for the separate entity rule applying to a brokerage account, carried by a brokerage dealer. Furthermore, the FBB Account Statement indicates that it was maintained at the Albany location. FBB Account Statement at 1 (listing Latham, New York address for financial advisor of FBB Account).

4

party 'must be . . . a direct interest in the property itself which . . . is leviable and not an indirect interest.'" Preferred Display, Inc. v. CVS Pharm., Inc., 923 F. Supp. 2d 505, 509 (S.D.N.Y. 2013) (quoting JCS Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 295 F. Supp. 2d 366, 391 (S.D.N.Y. 2003)). Because she does not have a "direct interest" in the FBB Account, Defendant argues that the Restraining Notice is invalid. Mem. at 4. Plaintiff's exclusive remedy under Arizona and New York law, Defendant argues, is to seek a charging lien on Defendant's partnership interest in FBB. Mem. at 5 (citing ARIZ. REV. STAT. § 29-341; N.Y. P'SHIP LAW § 121-703).

Plaintiff does not dispute that Defendant lacks a direct interest in the FBB Account. See Resp. at 1. Nonetheless, Plaintiff asserts that the Restraining Notice is valid because Defendant fraudulently conveyed assets to FBB in order to evade Plaintiff's judgment. Id. at 8. Plaintiff is correct that a restraining notice against non-debtor property is valid if the creditor has made a prima facie showing that the transfer of the property to the non-debtor was a fraudulent conveyance. United States v. Ceparano, No.98CR0922, 2009 WL 8690129, at *3 (E.D.N.Y. May 13, 2009); Blue Giant Equip. Corp. v. Tec-Ser, Inc., 92 A.D.2d 630, 631 (App. Div. 1983) ("Unquestionably, plaintiff had the remedy of seeking an attachment in its fraudulent conveyance action. . . . In pursuance of its right to levy execution on its judgment . . . plaintiff also had the right to employ the device of a restraining notice to preserve the property upon which it sought to execute."). Accordingly, Plaintiff's Restraining Notice is valid if Plaintiff has made a prima facie showing that the transfer of funds to FBB was a fraudulent conveyance.

To state a prima facie claim of fraudulent conveyance under New York Debtor and Creditor Law § 273-a, a plaintiff must allege: "(1) the conveyance was made without fair consideration; (2)

5

at the time of transfer, the transferor was a defendant in an action for money damages or a judgment in such action had been docketed against him; and (3) a final judgment has been rendered against the transferor that remains unsatisfied." Neshewat v. Salem, 365 F. Supp. 2d 508, 518 (S.D.N.Y. 2005); N.Y. DEBT. & CRED. LAW § 273-a. A plaintiff may additionally establish a fraudulent conveyance pursuant to § 276, where it is alleged that the conveyance was made "with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors." N.Y. DEBT. & CRED. LAW § 276. To establish actual intent, courts may consider the surrounding circumstances, including the following "badges of fraud": "transfers to relatives or close friends of the transferor; suspicious timing of the transfers or transfers that are unusual or hasty; lack of fair consideration for the transfers; whether the transfers rendered the transferor insolvent, and the transferor's retention of possession, benefit, or use of the property transferred." Hassett v. Goetzmann, 10 F. Supp. 2d 181, 188 (N.D.N.Y. 1998) (citing United States v. McCombs, 30 F.3d 310, 328 (2d Cir. 1994)).

The Court finds that Plaintiff has made a prima facie showing of fraudulent conveyance under either § 273-a or § 276. Plaintiff alleges that following facts, undisputed by Defendant. On March 27, 2013, the Court entered summary judgment in favor of Plaintiff. Mar. Order. The following day, March 28, Defendant transferred $725,715.55 from her brokerage accounts at Wells Fargo Advisors to a brokerage account in the name of a company called SnapIt Screw LLC ("SnapIt"). Resp. at 2; Dkt. Nos. 58-2; 58-3. SnapIt was created on March 13, 2013 and was managed by Defendant. Resp. at 2; Dkt. No. 58-5.

On April 16, 2013, Defendant created FBB. Resp. at 2; Dkt. No. 58-6. As discussed above, Defendant is a general partner of FBB. FBB Ownership. Furthermore, FBB is 98% owned by a

trust, of which Defendant is trustee, and the remaining interests are owned by Defendant and her son. Id. On June 11, 2013, Defendant transferred $191,892.85 from SnapIt's Wells Fargo brokerage account to a brokerage account at Wells Fargo in the name of FBB. Resp. at 3; Dkt. No. 58-4.

Defendant is the inventor of U.S. Patent No. 8,070,403 (the '403 Patent). Resp. at 4. The '403 Patent was owned by Eyeego, LLC ("Eyeego"), which Defendant managed. Id. On August 7, 2013, Eyeego assigned the '403 Patent to SnapIt. Id.; Dkt. No. 58-14 at 14-15.[3] On September 5, 2013, SnapIt assigned the '403 Patent to FBB. Resp. at 4; Dkt. No. 58-14 at 17.

Plaintiff's allegations are sufficient to establish a prima facie case of fraudulent conveyance under either § 273-a or § 276. Directly following the Court's judgment, Defendant transferred funds to FBB, without fair consideration, through a series of entities she controlled. Accordingly, Plaintiff's restraining notice against the FBB Account is valid.

**C. Attorneys' Fees**

Plaintiff further asserts that Defendant violated Local Rule 7.1(e) because Defendant did not show "good and sufficient cause why the standard Notice of Motion Procedure" could not be used. Resp. at 11 (citing L.R. 7.1(e)). Defendant claims that there was good and sufficient cause because FBB is defending a patent infringement suit and the funds in the FBB Account are necessary to pay for its defense of that suit. Dkt. Nos 55-2 ¶ 3; 55-3 ¶ 8. Plaintiff contends that Defendant misrepresented the status of that suit and requests that the Court award Plaintiff attorneys' fees for Defendant's violation of Rule 7.1(e). Resp. at 11. On the existing record, the Court cannot determine whether Plaintiff's contentions demonstrate Defendant's bad faith; accordingly,

---

[3] The pagination corresponds to the page numbers assigned by ECF.

7

Plaintiff's request for attorneys' fees is denied.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 57) for an order to show cause is **DENIED**; and it is further

**ORDERED**, that Plaintiff's request for attorneys' fees is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 15, 2016
         Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge